UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELBIN LALIN                                    CIVIL ACTION

VERSUS                                         NO. 24-2335

ESN PROPERTY, LLC, ET AL.                      SECTION: D(2)

ORDER AND REASONS

Before the Court are two Motions to Dismiss for Failure to State a Claim filed by Defendants ESN Property, LLC, Ravi Doddamani, and Vidya Doddamani ("Defendants").[1] In response to the first Motion, Plaintiff Elbin Lalin ("Plaintiff") filed an Amended Complaint, and in response to the second Motion, Plaintiff filed an opposition.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES as moot** Defendants' first Motion to Dismiss[3] and **GRANTS** Defendants' second Motion to Dismiss.[4]

I.   FACTUAL BACKGROUND

On September 25, 2024, Plaintiff filed a Complaint for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-209, and "relevant state law."[5] On December 3, 2024, Defendants filed a Motion to Dismiss for Failure to State a Claim and Pursuant to 28 U.S.C. § 1367, arguing that Plaintiff had failed to allege the necessary elements for an FLSA claim.[6] In response, Plaintiff filed an Amended Complaint.[7]

---

[1] R. Docs. 9 and 13.
[2] R. Doc. 15.
[3] R. Doc. 9.
[4] R. Doc. 13.
[5] R. Doc. 1 at 3.
[6] R. Doc. 9.
[7] R. Doc. 11.

In his Amended Complaint, which is the operative pleading in this matter, Plaintiff alleges that Defendants are property owners who employed Plaintiff to work "as a laborer attending to the Defendants' properties and personal needs in and around New Orleans, Louisiana for over a decade."[8] Plaintiff alleges that "[d]uring the past three years (and beyond), Defendants paid the Plaintiff a regular hourly rate for all hours worked" but failed to pay him overtime in violation of the FLSA.[9]

On December 30, 2024, Defendants filed a renewed Motion to Dismiss for Failure to State a Claim, arguing that Plaintiff's Amended Complaint fails to cure the deficiencies Defendants raised in their initial Motion to Dismiss.[10] Specifically, Defendants argue that Plaintiff fails to show that his work has any connection to interstate commerce as is required by the FLSA.[11] Defendants note that Plaintiff attempts to satisfy this requirement by alleging that he worked at properties leased and rented to non-Louisiana residents. Defendants argue that Plaintiff's position is foreclosed, however, by *Sobrinio v. Medical Center Visitor's Lodge*, a Fifth Circuit decision wherein a motel employee was found not to be covered by the FLSA because even though he worked at a business catering to out-of-town patrons, the employee's duties were purely local.[12]

In response, Plaintiff argues that he pleads a different theory of FLSA coverage than the theory at issue in *Sobrinio*. Specifically, Plaintiff argues that he is entitled

---

[8] *Id.* at ¶ 3.
[9] *Id.* at ¶¶ 5, 7. Plaintiff does not reurge violations of "relevant state law" in his Amended Complaint. *See* R. Doc. 11.
[10] R. Doc. 13.
[11] *Id.* at 1.
[12] *Id.* at 1-2 (citing 474 F.3d 828 (5th Cir. 2007)).

to enterprise coverage under the FLSA because Defendants' gross sales volume exceeds $500,000 and Plaintiff handles materials produced outside of Louisiana.[13]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[14] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[17] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[18] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[19] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[20]

---

[13] R. Doc. 15 at 2-3.
[14] FED. R. CIV. P. 12(b)(6).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).
[17] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[18] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[19] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[20] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (internal quotations and citations omitted).

### III. ANALYSIS

"The FLSA guarantees overtime pay to employees engaged 'in the production of goods for commerce' ('individual coverage') or 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')."[21] "Either individual or enterprise coverage is enough to invoke FLSA protection."[22]

"To successfully plead individual coverage, a plaintiff must allege facts giving rise to a reasonable inference that he or she was engaged in commerce or in the production of goods for commerce."[23] Determining whether an employee is engaged in interstate commerce requires a court to consider "whether the work so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity."[24] "Work that is purely local in nature does not meet the FLSA's requirements, but 'any regular contact with commerce, no matter how small, will result in coverage.'"[25]

To plead enterprise coverage, on the other hand, a plaintiff must allege facts that he or she was employed by an enterprise engaged in commerce or in the production of goods for commerce.[26] This is defined as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

---

[21] *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)).
[22] *Id.* (emphasis omitted).
[23] *Mejia v. Bros. Petro.*, LLC, No. 12-CV-2842, 2015 WL 3619894, at *5 (E.D. La. June 9, 2015) (citations omitted).
[24] *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (quoting *Sobrinio*, 474 F.3d at 829) (internal quotations omitted).
[25] *Id.* (internal quotations omitted).
[26] *Mejia*, 2015 WL 3619894, at *5.

> (ii) is an enterprise who annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . .[27]

To satisfy the first prong under subsection (A)(i), a plaintiff must allege that more than one of the organization's employees engaged in interstate commerce.[28] "Alternatively, a plaintiff may allege that at least two of the organization's employees handle, sell, or otherwise work on goods or materials that have moved in interstate commerce."[29]

Defendants argue that Plaintiff has failed to establish an FLSA claim under either coverage theory. In support of their position, Defendants cite to *Sobrinio*, a case brought by a motel employee for his employer's failure to pay overtime.[30] The Fifth Circuit rejected Sobrinio's argument that his transportation of out-of-state patrons constituted an engagement in commerce, explaining that "[h]is activities took place outside the stream of travel, after [motel] guests arrived from out-of-state and before they began their departure journeys" and were therefore purely local.[31]

Defendants point to *Sobrinio* as "squarely on point."[32] The Court agrees that *Sobrinio* forecloses a finding of individual coverage. Plaintiff alleges that he works "tending to houses" in New Orleans and that these houses are occupied by out-of-state renters and guests.[33] Plaintiff makes no allegations, however, that his duties

---

[27] 29 U.S.C. § 203(s)(1)(A).
[28] *Badon v. Reliable PCA and SIL Agency, LLC*, No. 19-CV-12503, 2020 WL 3605916, at *4 (E.D. La. July 2, 2020).
[29] *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i).
[30] 474 F.3d at 829.
[31] *Id.* at 830.
[32] R. Doc. 13-1 at 1.
[33] R. Doc. 11 at ¶ 7.

in relation to those out-of-state residents are "part of a constant stream of interstate travel."[34] Thus, like the plaintiff in *Sobrinio*, Plaintiff's alleged duties are purely local and are therefore insufficient to state a claim for individual coverage under the FLSA. But, as Plaintiff points out, the "sole challenge" in *Sobrinio* was the plaintiff's challenge "to the district court's finding that he was not 'engaged in commerce' under the FLSA."[35] *Sobrinio* therefore has no bearing on Plaintiff's argument that he is entitled to enterprise coverage based on his handling of out-of-state materials.

Plaintiff argues in his opposition brief that he is owed FLSA benefits pursuant to enterprise coverage because "Defendants' gross annual volume is over $1,000,000" and because Plaintiff, in the course of his job, "without a doubt handled materials that were produced outside of Louisiana such as wood, nails, glues and other materials."[36] Indeed, Plaintiff alleges in his Amended Complaint that Defendants "engaged in more than $500,000.00 of business per year and had more than two employees."[37] Critically, however, the Amended Complaint contains no allegations that Plaintiff and a second employee handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. While not a high standard, Plaintiff must plausibly allege that he handled goods or materials that had at some point traveled interstate.[38] He has failed to do so in the Amended Complaint. Absent factual allegations giving rise to enterprise coverage in the operative

---

[34] *Sobrinio*, 474 F.3d at 830.
[35] *Id.* at 829.
[36] R. Doc. 15 at 3.
[37] R. Doc. 11 at ¶ 2.
[38] *Molina-Aranda v. Black Magic Enters., LLC*, 983 F.3d 779 (5th Cir. 2020).

pleading, Plaintiff cannot survive the instant Motion.[39] Accordingly, the Court grants Defendants' Motion.

Before dismissing Plaintiff's claims, the Court *sua sponte* considers whether to afford Plaintiff an opportunity to amend. Courts must "freely give leave [to amend] when justice so requires."[40] In exercising their discretion, courts consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[41] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[42] Here, there is no indication of undue delay, bad faith, or dilatory motive on the part of Plaintiff. Moreover, while Plaintiff has already amended his Complaint once, he has not repeatedly failed to cure deficiencies, and since this case remains in its infancy, Defendants will be prejudiced by amendment. Finally, there is nothing to indicate at this time that amendment will be futile. Thus, the Court finds that all relevant factors weigh in favor of amendment, and the Court exercises its discretion and allows Plaintiff the opportunity to file a second Amended Complaint.

---

[39] *See Brackens v. Ocwen Loan Servicing, LLC*, No. 13-CV-3458, 2014 WL 3715214, at *4 (N.D. Tex. July 28, 2014) ("While the court could assume that the damages caused by Defendant's failure to respond are connected with the damages caused by Defendant's alleged breach of contract and wrongful foreclosure, Plaintiff must clearly state these damages without requiring the court to make an inference.").
[40] FED. R. CIV. P. 15(a).
[41] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[42] *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the December 3, 2024 Motion to Dismiss for Failure to State a Claim and Pursuant to 28 U.S.C. § 1367 filed by Defendants ESN Property, LLC, Ravi Doddamani, and Vidya Doddamani[43] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the December 30, 2024 Motion to Dismiss for Failure to State a Claim filed by Defendants ESN Property, LLC, Ravi Doddamani, and Vidya Doddamani [44] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Elbin Lalin may file a second Amended Complaint within **fourteen days** of the date of this Order and Reasons. Failure to do so may result in dismissal of Plaintiff's claims with prejudice.[45]

New Orleans, Louisiana, March 7, 2025.

WENDY B. VITTER
**United States District Judge**

---

[43] R. Doc. 9.
[44] R. Doc. 13.
[45] *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995) ("When a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief may be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice.").