UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELBIN LALIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2335** |
| **ESN PROPERTY, LLC, ET AL.** | **SECTION: D(2)** |

### ORDER AND REASONS

Before the Court is Motion to Dismiss Second Amended Complaint for Failure to State a Claim filed by Defendants ESN Property, LLC, Ravi Doddamani, and Vidya Doddamani ("ESN").[1] Plaintiff Elbin Lalin ("Lalin") opposes the Motion, and ESN filed a reply.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

### I.     FACTUAL BACKGROUND

On September 25, 2024, Lalin filed suit for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 (FLSA).[3] On December 30, 2024, ESN moved to dismiss Lalin's claims, arguing that Lalin's Amended Complaint[4] failed to properly allege the elements of an FLSA claim.[5] The Court ultimately agreed, noting that:

> [T]he Amended Complaint contains no allegations that Plaintiff and a second employee handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. While not a high standard, Plaintiff must plausibly allege that he handled goods or materials that had at some point traveled interstate.[6]

---

[1] R. Doc. 26.
[2] R. Docs. 27 and 29.
[3] R. Doc. 1 at 3.
[4] On December 3, 2024, ESN filed a Motion to Dismiss for Failure to State a Claim and Pursuant to 28 U.S.C.A. § 1367, and in response, Lalin filed an Amended Complaint. R. Docs. 9 and 11. The Court denied ESN's Motion as moot. R. Doc. 22 at 8.
[5] R. Doc. 13.
[6] R. Doc. 22 at 6.

The Court granted ESN's Motion to Dismiss for Failure to State a Claim but afforded Lalin an opportunity to amend.[7] Lalin timely filed his Second Amended Complaint on March 17, 2025, adding additional defendants and new factual allegations.[8]

On March 27, 2025, ESN filed the instant Motion to Dismiss Second Amended Complaint for Failure to State a Claim, arguing that Lalin's pleading "simply inserts formulaic recitations of the elements to assert enterprise coverage, but also makes the claims less clear by adding multiple defendants without any indication of which defendant employed which individuals, and which defendant is allegedly responsible for paying the overtime Plaintiff claims he is owed."[9] ESN further argues that Lalin's claims fail because they are unsupported and highly speculative.[10]

Lalin counters that his Second Amended Complaint alleges facts showing that Defendants did not pay Lalin overtime, ESN and Lalin were engaged in interstate commerce, the amount of unpaid overtime is substantial, and there was more than one employee working for Defendants that handled interstate goods in the course of their work.[11] These alleged facts, according to Lalin, are more than enough to survive a motion to dismiss. Lalin argues that anything more would hold Lalin to a summary judgment standard wherein he must support his claims with evidence.[12] Lalin further contends that ESN's questions are more appropriate for discovery and trial.[13]

---

[7] *Id.*
[8] R. Doc. 23.
[9] R. Doc. 26-1 at 1.
[10] *Id.* at 3.
[11] *Id.*
[12] R. Doc. 27 at 2.
[13] *Id.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[14] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[17] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[18] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[19] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[20]

A Rule 12(b)(6) motion to dismiss is the proper vehicle to challenge the sufficiency of a pleading under Federal Rule of Civil Procedure Rule 8.[21] Rule 8 requires that a pleading contain "a short and plain statement of the claim showing

---

[14] Fed. R. Civ. P. 12(b)(6).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[17] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[18] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[19] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[20] *Cutrer v. McMillan*, 308 Fed. App. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[21] *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004).

that the pleader is entitled to relief."[22] "The law is well settled that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claims."[23] Indeed, the "underlying purpose of Rule 8" is to "[e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity."[24] Critically, although the pleading standards in Rule 8 are "liberal," a pleading that contains only "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" is not sufficient.[25]

### III. ANALYSIS

"The FLSA guarantees overtime pay to employees . . . 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')."[26] To plead enterprise coverage, a plaintiff must allege facts that he or she was employed by an enterprise engaged in commerce or in the production of goods for commerce.[27] This is defined as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise who annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . .[28]

---

[22] FED. R. CIV. P. 8(a)(2).
[23] *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 761-62 (5th Cir. 1984).
[24] *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979).
[25] *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[26] *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)). The FLSA provides for alternative coverage, but ESN's Motion attacks only the sufficiency of Lalin's claims for enterprise coverage under the FLSA.
[27] *Mejia v. Bros. Petro., LLC*, No. 12-CV-2842, 2015 WL 3619894, at *5 (E.D. La. June 9, 2015).
[28] 29 U.S.C. § 203(s)(1)(A).

To satisfy the first prong under subsection (A)(i), a plaintiff must allege that more than one of the organization's employees engaged in interstate commerce.[29] "Alternatively, a plaintiff may allege that at least two of the organization's employees handle, sell, or otherwise work on goods or materials that have moved in interstate commerce."[30]

ESN argues that Lalin's allegations as to enterprise coverage under the FLSA fail to satisfy the requirements of Rule 8.[31] In support of its position, ESN argues that Lalin's allegations fall short of the allegations the Fifth Circuit deemed sufficient in *Molina-Aranda v. Black Magic Enterprises, LLC*.[32] In *Molina-Aranda*, the plaintiffs alleged the Defendant violated the FLSA based on enterprise coverage "'by employing more than 11 drivers and hauling water, sand, gravel[,] and construction and oilfield equipment both interstate and intrastate,' as well as by 'handling, selling, or otherwise working on goods or materials (such as heavy trucks, fuel and equipment) that have been moved in or produced for commerce by any person.'"[33] The Fifth Circuit, reversing the district court, held that these allegations were sufficient, because "[a]t least some of these items are plausibly goods or materials" and "[i]t is also plausible that some or all of these items had travelled [sic] interstate at some point in their life cycle."[34]

---

[29] *Badon v. Reliable PCA and SIL Agency, LLC*, No. 19-CV-12503, 2020 WL 3605916, at *4 (E.D. La. July 2, 2020).
[30] *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i).
[31] R. Doc. 26-1 at 3-5.
[32] 983 F.3d 779 (5th Cir. 2020).
[33] *Id.* at 787.
[34] *Id.*

5

Lalin's allegations are strikingly similar to those in *Molina-Aranda*. Lalin's Second Amended Complaint states:

> Defendants employed more than one person during the time they employed Plaintiff. Plaintiff regularly worked with two other people tending to the properties. Defendant Ravi Doddemani was the single agent bringing all of the defendants together and employing people. All of the people employed handled goods and materials which were brought in from out of state, such as wood, glues, screws, nails, air conditioning components and other construction and home maintenance related materials not produced in Louisiana.[35]

In both *Molina-Aranda* and in this case, the plaintiffs identified a list of materials handled in the course of their employment and alleged that the materials were produced in a foreign state. Comparing the specific allegations in both cases, it is clear that *Molina-Aranda* actually contradicts ESN's position that Lalin's factual allegations are insufficient to state a claim under the FLSA. Further, Lalin sufficiently alleges the remaining elements of an enterprise coverage claim. Lalin alleges that he was employed by the Doddamanis, who own ESN; that each of the Defendants engage in more than $500,000 of business per year; that Defendants ESN, Zydeco, 4213-15 Dryades, LLC, and 4323-25 Loyola LLC had more than two employees, and that Lalin was paid an hourly rate, and despite working in excess of forty hours per week, was not paid overtime.[36] While Lalin's allegations could perhaps be more detailed, they are more than sufficient to meet Rule 8's liberal pleading requirements.

---

[35] R. Doc. 23 at ¶ 17.
[36] *Id.* at ¶¶ 13-15.

6

Moreover, the Court wholly rejects ESN's position that Lalin's claims must be dismissed because they are based on "unsupported and highly speculative" allegations.[37] This argument conflates a party's burden at the motion to dismiss stage with a party's burden at summary judgment. Lalin is not required to prove his case at the pleading stage; he need only plead facts that allow a reasonable inference that ESN is liable for the alleged misconduct.[38] ESN's uncertainty about "who actually employed the other people, what their role was with the company or companies, or what their job responsibilities were" are questions to be resolved through discovery.[39] That these questions may presently exist is not a basis for the granting of a motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss Second Amended Complaint Pursuant to Rules 12(b)(6) and 28 U.S.C.A. § 1367 is **DENIED**.

New Orleans, Louisiana, April 15, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[37] R. Doc. 26-1 at 3.
[38] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).
[39] R. Doc. 26-1 at 3.