# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ELBIN LALIN**                                          **CIVIL ACTION**

**VERSUS**                                               **NO. 24-2335**

**ESN PROPERTY, LLC, ET AL.**                            **SECTION: D(2)**

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants ESN Property, LLC, Ravi Doddamani, and Vidya Doddamani (collectively, "Defendants").[1] Plaintiff Elbin Lalin ("Lalin") filed a Response in Opposition[2], and Defendants have filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **GRANTED.**

## I.    FACTUAL BACKGROUND

This case involves alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-209.[4] For more than three years, Plaintiff worked for Defendants as a laborer attending to various residential properties that Defendants own in New Orleans.[5] Plaintiff alleges that "[d]uring the past three years (and beyond), Defendants paid the Plaintiff a regular hourly rate for all hours worked" but failed to pay him overtime

---

[1] R. Doc. 37.

[2] R. Doc. 44.

[3] R. Doc. 55

[4] R. Doc. 23 at ¶ 1. The Court draws the factual allegations from the Defendants' Statement of Uncontested Facts, which the Court accepts as true, except for ¶ 4, 5, and 9. L.R. 56.2 ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement."). The Court also supplements Defendants' Statement of Uncontested Facts and Plaintiff's Objection to Statement of Material Facts with allegations from Plaintiff's Amended Complaint. R. Doc. 23. The Court uses those facts for context and does not afford them the benefit of the truth.

[5] R. Doc. 37-3 at ¶ 2; R. Doc. 23 at ¶¶ 10-11.

in violation of the FLSA.[6]  On November 25, 2024, Plaintiff filed suit in this Court against Defendants and thereafter filed his First Amended Complaint.[7]

On December 30, 2024, Defendants filed a Motion to Dismiss Amended Complaint Pursuant to Rules 12(b)(6) and 28 U.S.C. § 1367, arguing that Plaintiff failed to plead facts necessary to establish either individual or enterprise coverage under the FLSA.[8]  The Court agreed, finding that Plaintiff failed to plead individual coverage because the duties he was alleged to have performed were purely local in nature.[9]  The Court further found that Plaintiff's allegations were insufficient to establish enterprise coverage because Plaintiff failed to plead that he and a second employee handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.[10]  The Court granted Defendants' Motion to Dismiss Amended Complaint Pursuant to Rules 12(b)(6) and 28 U.S.C.A. § 1367 but afforded Plaintiff an opportunity to amend.[11]

Plaintiff timely filed his Second Amended Complaint, alleging facts to cure the Court's noted deficiency as to enterprise coverage and naming Zydeco Ownings, LLC, Shoban Pattam, The Trustee of the Anil S. and Maricel L. Paramesh Revocable Trust, 4213-15 Dryades, LLC, and 4323-25 Loyola, LLC as additional defendants.[12]  Plaintiff did not amend his allegations as to individual coverage.

---

[6] R. Doc. 23 at ¶¶ 5, 7.  Plaintiff does not re-urge violations of "relevant state law" in his Amended Complaint.  *See* R. Doc. 11.
[7] R. Doc. 37-3 at ¶ 1; R. Docs. 1 and 5.
[8] R. Doc. 13.
[9] R. Doc. 22 at 5-6.
[10] *Id.* at 6.
[11] *Id.* at 7-8.
[12] R. Doc. 23 at ¶¶ 4-8.  Defendants then filed a Motion to Dismiss Second Amended Complaint for Failure to State a Claim, which the Court denied (R. Docs. 26 and 30). Defendants added in the Second

On July 3, 2025, Defendants filed the instant Motion for Summary Judgment, arguing that Plaintiff cannot establish individual or enterprise coverage under the FLSA.[13]  Defendants argue that Plaintiff's own description of his duties preclude a finding of individual coverage and that Plaintiff cannot establish enterprise coverage because Plaintiff was Defendants' only employee during the relevant period.[14] Defendants set the Motion for submission on July 22, 2025, making Plaintiff's opposition due on July 14, 2025.[15]  Plaintiff filed a Motion for Leave to File Tardy Opposition[16] in addition to an untimely Response in Opposition[17] to the present Motion. In a telephone status conference, the Court granted Plaintiff's Motion for Leave and also permitted Defendants to file a Reply.[18]

In opposition to the Motion, Plaintiff avers that he can establish that the Defendants had more than one employee besides Lalin, namely, Wester Esauc Sanchez Cruz and William Barrios.[19] Plaintiff relies solely on the Affidavits of Cruz and Barrios to prove that those individuals were employees of the Defendants. In Reply, Defendants contend that Plaintiffs have not met the burden to prove enterprise coverage, that Cruz and Barrios are not employees of any defendant under

---

Amended Complaint, Zydeco Ownings, LLC, Shoban Pattam, The Trustee of the Anil S. and Maricel L. Paramesh Revocable Trust, 4213-15 Dryades, LLC, and 4323-25 Loyola, LLC, have appeared. (R. Docs. 38 and 39).
[13] R. Doc. 37-2 at 5.
[14] *Id.*
[15] R. Doc. 37-1.
[16] R. Doc. 42.
[17] R. Doc. 44.
[18] R. Doc. 52.
[19] R. Doc. 44 at pp. 2, 9.

the economic realities test, and that evidence relied upon by Plaintiff is inauthentic and thus cannot be relied upon for the purposes of defeating summary judgment.[20]

## II.    LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21]  A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[22]  Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[23]  When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[24]  While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence."[25]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[26]

If the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the

---

[20] R. Doc. 55. The Court does not address the issues raised concerning Plaintiff's inauthentic evidence in this Order and reasons.
[21] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[22] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).
[23] *Anderson*, 477 U.S. at 248.
[24] *Delta & Pine Land Co. v. Nationwide Agribus. Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citation modified).
[25] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (citation modified).
[26] *Id.* at 399 (citing *Anderson*, 477 U.S. at 248).

evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[27]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[28]

## III.   ANALYSIS

Plaintiff brings claims against Defendants for alleged violations of the FLSA. "The FLSA guarantees overtime pay to employees engaged 'in the production of goods for commerce' ('individual coverage') or 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')."[29] "Either individual or enterprise coverage is enough to invoke FLSA protection."[30]

Individual coverage applies to plaintiffs engaged in commerce or the production of goods for commerce.[31]  "Work that is purely local in nature does not meet the FLSA's requirements, but 'any regular contact with commerce, no matter how small, will result in coverage.'"[32]  Enterprise coverage, on the other hand, applies to plaintiffs employed by an enterprise engaged in commerce or in the production of goods for commerce.[33]  This is defined as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise

---

[27] *See Celotex*, 477 U.S. at 322–23.
[28] *Id*. at 324 (quoting FED. R. CIV. P. 56(e)).
[29] *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)).
[30] *Id*. (citation modified).
[31] *Mejia v. Bros. Petro.*, LLC, No. 12-CV-2842, 2015 WL 3619894, at *5 (E.D. La. June 9, 2015) (citation modified).
[32] *Id*. (citation modified).
[33] *Mejia*, 2015 WL 3619894, at *5.

> working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise who annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . .[34]

To satisfy the first prong under subsection (A)(i), a plaintiff must establish that more than one of the organization's employees engaged in interstate commerce.[35] "Alternatively, a plaintiff may allege that at least two of the organization's employees handle, sell, or otherwise work on goods or materials that have moved in interstate commerce."[36]

### A.  Plaintiff Has Failed to Allege Individual Coverage

Defendants argue that Plaintiff has failed to satisfy the standard for individual coverage under the FLSA.  Defendants contend that individual coverage is inapplicable because Plaintiff's activities were purely local in nature and that Plaintiff cannot invoke enterprise coverage because Plaintiff was Defendants' only employee.[37]  Plaintiff seemingly concedes that he is not alleging individual coverage under the FLSA as his opposition only argues enterprise coverage.[38] As the Court noted in its March 7, 2025 Order and Reasons, the duties Plaintiff alleges he performed for Defendants were "purely local and . . . therefore insufficient to state a claim for individual coverage under the FLSA."[39]  Plaintiff did not supplement his

---

[34] 29 U.S.C. § 203(s)(1)(A).
[35] *Badon v. Reliable PCA and SIL Agency, LLC*, No. 19-CV-12503, 2020 WL 3605916, at *4 (E.D. La. July 2, 2020).
[36] *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i)).
[37] R. Doc. 37-2 at 5.
[38] R. Doc. 44.
[39] R. Doc. 22 at 6.

allegations as to individual coverage in his Second Amended Complaint, nor has he pointed to any summary judgment evidence in his Response showing that he was in regular contact with commerce. As a result, the Court finds that Plaintiff has failed to satisfy the standard for individual coverage.

### B. Plaintiff Has Failed to Allege Enterprise Coverage

Plaintiff has likewise failed to establish enterprise coverage.[40] "Enterprise coverage requires the court to find that an employer had multiple employees 'handling, selling, or otherwise working on' goods that have moved in interstate commerce."[41] In support of his argument, Plaintiff contends that ESN employed more employees that Lalin, namely Wester Esauc Sanchez Cruz and William Barrios, and that these employees handled goods that flowed through interstate commerce.[42] If either Cruz or Barrios were found to be employees that handled such goods, enterprise coverage under the FLSA would attach. In support of his argument, Plaintiff solely relies on the affidavits of Cruz and Barrios to establish that they were employees of Defendants. Defendants counter that these two workers are not "employees" under the FLSA and that enterprise coverage, as a result, does not attach to Defendants.[43]

---

[40] Because the Court finds that Plaintiff has not satisfied the first prong of enterprise coverage under the FLSA, it need not address the second prong, whether Defendants' business is "an enterprise who annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A)(i).

[41] *Mendoza v. Detail Sols., LLC*, 911 F.Supp.2d 433, 441 (N.D. Tex. 2012) (quoting 29 U.S.C. § 203(s)(1)(A)(i)).

[42] R. Doc. 44 at p. 2.

[43] R. Doc. 55 at p. 2.

The definition of "employee" under the FLSA is broad and "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles."[44] The test to determine whether a worker qualifies as an "employee" under the FLSA, as opposed to an independent contractor, is "whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself."[45] To determine whether a worker is "economically dependent," the Fifth Circuit has elucidated five non-exhaustive factors to be considered:  (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship.[46] In this analysis, "[n]o single factor is determinative."[47] The issue of whether an individual worker is considered to be an "employee" under the Fair Labor Standards Act is a matter of law, even though the issue contains associated factual inquiries under the economic reality test.[48]

In its Response, Plaintiff Lalin discusses six factors named by the Department of Labor in the Code of Federal Regulations to determine whether a worker is economically dependent on the employer; the Court will consider his argument but

---

[44] *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S. Ct. 1344, 1350, 117 L. Ed. 2d 581 (1992).
[45] *Hopkins v. Cornerstone Am.,* 545 F.3d 338, 343 (5th Cir. 2008).
[46] *Herman v. Express Sixty–Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998).
[47] *Hopkins,* 545 F.3d at 343.
[48] *Klick v. Cenikor Found.,* 94 F.4th 362, 369 (5th Cir. 2024).

applied in the context of the Fifth Circuit's framework for whether a worker constitutes an employee under the FLSA.

### 1. Degree of Control Exercised by the Alleged Employer

The Fifth Circuit has held that control as a FLSA factor "is only significant when it shows an individual exerts such a control over a meaningful part of the business that [he] stands as a separate economic entity."[49] A court must "consider whether the purported employee could exert independent control over meaningful aspects of his business life."[50] Plaintiff asserts that Ravi Doddamani, the alleged employer, asserted control by controlling whether employees could take time off and by managing the projects and their safety.[51] Defendants respond that Cruz's and Barrios's affidavits only state that each was only present at the job sites "on numerous occasions" and that general contractors would typically exert minimal control over subcontractors, like Cruz and Barrios.[52] Defendants argue that Plaintiff has failed to demonstrate that Cruz and Barrios were present "on any regular basis" to indicate "control sufficient" to make them employees of Defendants.[53] While the affidavits suggest that Defendant Ravi Doddamani controlled safety protocols at the project sites and gave permission to Cruz and Barrios to take time off, these facts alone do not suggest that Cruz and Barrios lacked the degree of control over their businesses as subcontractors such that they were not separate economic entities. The

---

[49] *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir. 1987).
[50] *Eberline v. Media Net, L.L.C.,* 636 F. App'x 225, 227 (5th Cir. 2016).
[51] R. Doc. 44 at pp. 7-8.
[52] R. Doc. 55 at p. 3.
[53] *Id.*

Plaintiff has failed to meet his burden, and, as a result, this factor tilts in favor of independent contractor status for Cruz and Barrios.

### 2. Extent of the Relative Investments of the Worker and Alleged Employer

When applying the relative investments factor of the economic realities test, courts "compare each worker's *individual* investment to that of the alleged employer."[54] Plaintiff asserts that the affidavits of Cruz and Barrios do not indicate that they invested any amount of capital into their work for Defendants.[55] Defendants respond that Plaintiff has failed to meet his burden on summary judgment to provide evidence that Cruz and Barrios have not individually invested into their work.[56] The Court agrees that Plaintiff has not met his burden to provide evidence on summary judgment demonstrating that Cruz and Barrios did not make individual investments into their work. The second factor weighs in favor of independent contractor status.

### 3. Degree to which Worker's Opportunity for Profit or Loss is Determined by Alleged Employer

Turning to the third factor, the Court must consider the degree to which the worker's opportunity for profit or loss is determined by the alleged employer. To evaluate this factor, courts look to how much a worker's profits depend on their ability to control their own costs.[57] The more control a worker has, the more likely they are to be considered an independent contractor under the FLSA.[58] The Fifth Circuit has

---

[54] *Hopkins v. Cornerstone Am.,* 545 F.3d 338, 344 (5th Cir. 2008).
[55] R. Doc. 44 at p. 6.
[56] R. Doc. 55 at pp. 3-4.
[57] *Parrish v. Premier Directional Drilling, L.P.,* 917 F.3d 369, 384 (5th Cir. 2019).
[58] *Shaw v. Alpha Air Heating & Air Conditioning LLC*, 702 F. Supp. 3d 453, 461 (E.D. La. 2023) (Vitter, J.).

10

also considered "whether the putative employer's control over the worker's schedule and pay had the effect of limiting the worker's opportunity, as an independent contractor, for profit or loss."[59] Plaintiff argues that Cruz's and Barrios's affidavits demonstrate that Defendants had control over their schedules and that their control effectively made them economically dependent on Defendants.[60] Defendant makes the argument that the requests from the workers for time off and Defendants' provision of a safe working site are not enough to demonstrate that they were employees. The Court agrees with Plaintiff that the requests for time off demonstrate some control over the worker's schedule at that job site; however, that fact alone does not indicate that Defendants fully controlled Cruz and Barrios's opportunity for profit and loss. The third factor is neutral regarding employee status under the FLSA.

### 4. Skill and Initiative Required in Performing the Job

In assessing the fourth factor, courts will examine whether the worker possesses a unique skill set or takes initiative at work.[61] The presence of either typically indicates independent-contractor status.[62]  Plaintiff argues that it is more likely than not that the workers were not skilled because if they were skilled, they would likely have had additional opportunities.[63] Defendants correctly point out that such statements are mere speculation and are not sufficient to establish that the fourth factor weighs in Plaintiff's favor. Both Cruz's and Barrios's affidavits are silent

---

[59] *Hobbs v. Petroplex Pipe & Constr., Inc.*, 946 F.3d 824, 832 (5th Cir. 2020).
[60] R. Doc. 44 at pp. 4-5.
[61] *See Hopkins,* 545 F.3d at 345.
[62] *Shaw*, 702 F. Supp. 3d at 462.
[63] R. Doc. 44 at p. 9.

as to their level of skill.[64] Because Plaintiff bears the burden of trial, it is enough for Defendants to identify that the affidavits do not establish that Cruz and Barrios lack a unique skill set. Because Plaintiff has not met this burden and instead provided only an unsubstantiated assertion, this factor is neutral or weighs in favor of independent contractor status.

### 5. Permanency of the Relationship

The final factor in the economic realities test is the permanency of the relationship between the worker and the alleged employer. Courts are more likely to find employee status under the FLSA when an individual worker works exclusively for an entity on a permanent basis."[65] Plaintiff contends that Cruz and Barrios's long working relationship with Defendants, namely, a six-year relationship, suggests employee status under the FLSA. However, "the inferences gained from the length of time of the relationship depend on the surrounding circumstances."[66] Defendants point out that the affidavits only concern the times when Cruz and Barrios worked with Plaintiff and do not detail their entire working history in relation to the Defendants.[67] The Court agrees that the affidavits are silent as to Cruz's and Barrios's working history with Defendants. Indeed, each Affidavit only advises that "I have worked (as a sub-contractor) regularly at various project sites managed by Ravi Doddamani over the past six years."[68] The Affidavits do not speak further as to

---

[64] R. Doc. 44-3 and 44-4.
[65] *Shaw*, 702 F. Supp. 3d at 462 (citing *Hopkins*, 545 F.3d at 345–46).
[66] *Parrish v. Premier Directional Drilling, L.P.,* 917 F.3d 369, 387 (5th Cir. 2019).
[67] R. Doc. 55 at p. 4.
[68] R. Doc. 44-3 and 44-4.

the longevity or permanency of the relationship. Furthermore, the Fifth Circuit has held that when a worker works "project-by-project basis," he is generally considered to be an independent contractor for purposes of the FLSA.[69] While the use of the word "project" in the affidavits suggests that Cruz and Barrios likely worked for the Defendants on a project-by-project basis, the Court is aware that that fact alone is insufficient to determine employee/independent contractor status.[70] Taking into consideration the vague evidence relied on by Plaintiff as to this factor, this factor weighs in favor of independent contractor status for Cruz and Barrios under the FLSA.

Because the factors of the economic reality test are non-exhaustive, the Court can look to other factors to determine the economic reality of the relationship between the worker and the putative employer.[71] Plaintiff also asks this court to consider whether the work performed by the workers, Cruz and Barrios, were an integral part of the putative employer's business.[72] This factor is used by courts in sister circuits as a sixth factor in the economic realities test.[73] These courts have held that the more integral the worker's labor is to the business as a whole, the more likely that the worker is an employee.[74] Plaintiff argues that the work of Cruz and Barrios who aid in the construction and repair of properties is integral to Defendants' business

---

[69] *Id.*
[70] R. Doc. 44-3 ("I have worked…regularly at various project sites"); R. Doc. 44-4.
[71] *See Hobbs v. Petroplex Pipe & Constr., Inc.,* 946 F.3d 824, 836 (5th Cir. 2020).
[72] R. Doc. 44 at p. 8.
[73] *Hobbs,* 946 F.3d at 836 (citing *Acosta v. Off Duty Police Servs., Inc.,* 915 F.3d 1050, 1055 (6th Cir. 2019); *Baker v. Flint Eng'g & Constr. Co.,* 137 F.3d 1436, 1443 (10th Cir. 1998)).
[74] *Id.*

because without it, the business "cannot operate."[75] There is not, however, evidence in the record to demonstrate how much of Defendants' business is the construction and repair of properties, leaving Plaintiff's assertion unsubstantiated. The Court considers finds that this additional factor raised by Plaintiff is neutral or tilts towards independent contractor status for Cruz and Barrios.

After evaluating each of the factors of the economic reality test and considering the totality of the relationship between the workers and the putative employer, the Court finds that, as a matter of economic reality, Plaintiff has failed to carry his burden of showing that Cruz and Barrios were employees of Defendants.[76] Thus, Plaintiff has failed to establish enterprise coverage under the Fair Labor Standards Act.[77] Because Plaintiff has failed to meet his burden to provide evidence demonstrating specific genuine issues of material fact, the Defendants are entitled to judgment as a matter of law.[78]

## IV.    CONCLUSION

A plaintiff suing for violations of the FLSA must establish coverage, whether individual or enterprise, and Plaintiff has failed to point to any summary judgment evidence showing either type of coverage.[79]  Accordingly, there are no genuine issues

---

[75] R. Doc. 44 at p. 8. Each of the factors in the present case is either neutral or weighs in favor of independent contractor status for Cruz and Barrios. None of the factors weight in favor of employee status for Cruz and Barrios under the FLSA.
[76] *See Parrish*, 917 F.3d at 379.
[77] 29 U.S.C. § 203(s)(1)(A).
[78] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[79] *See Mendoza v. Detail Solutions, LLC.*, 911 F.Supp.2d 433, 439 (N.D.Tex.2012) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 120, 66 S.Ct. 925, 90 L.Ed. 1114 (1946)) ("To establish that his employer is subject to the requirements of the FLSA, the plaintiff employee has the burden to show that there is coverage, whether individual or enterprise.").

of material fact regarding Plaintiff's FLSA claims, and Defendants are entitled to judgment as a matter of law.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the Motion for Summary Judgment[80] filed by Defendants ESN Property, LLC, Ravi Doddamani, and Vidya Doddamani is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Elbin Lalin's claims against Defendants ESN Property, LLC, Ravi Doddamani, and Vidya Doddamani are **DISMISSED with prejudice**. Plaintiff's claims against Zydeco Ownings, LLC, Shoban Pattam, Anil S. and Maricel Paramesh Revocable Trust, 4213-15 Dryades, LLC, and 4323-25 Loyola, LLC remain pending.

New Orleans, Louisiana, November 4, 2025.

_Wendy B Vitter_
**WENDY B. VITTER**
**United States District Judge**

---

[80] R. Doc. 37.