UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELBIN LALIN | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2335 |
| ESN PROPERTY, LLC, ET AL. | * | SECTION "D" (2) |

## REPORT AND RECOMMENDATION

Pending before me is a Motion to Enforce Settlement Agreement filed by Defendants ESN Property, LLC, Ravi Doddamani, Vidya Doddamani, Zydeco Ownings, LLC, 4213-15 Dryades, LLC, and 4323-25 Loyola, LLC.  ECF No. 68.  Plaintiff filed an Opposition Memorandum.  ECF No. 71. Defendants did not file a Reply Memorandum.  The Honorable Wendy B. Vitter referred the motion to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  ECF No. 69.  No party requested oral argument under Local Rule 78.1 nor did either party request an evidentiary hearing.

Considering the record, the submissions, and applicable law, and for the following reasons, the undersigned RECOMMENDS that the motion be GRANTED.

## I.     BACKGROUND

Plaintiff filed suit under the Fair Labor Standards Act alleging that he worked as a day laborer for Defendants from March 10, 2013, through May 26, 2024, during which time he was required to work more than forty hours per week for which he did not receive overtime pay.  ECF No. 1. After granting Defendants' motion to dismiss but allowing Plaintiff leave to amend, Judge Vitter later granted Defendants' motion for summary judgment as to enterprise coverage in the amended complaint.  ECF Nos. 22, 63.  Shortly thereafter, the parties scheduled a settlement conference with the undersigned.  ECF No. 64.  During that December 2, 2025, conference, the

1

parties reach a settlement, after which the material terms of settlement were recited into the court record. ECF No. 66.

Defendants assert that they provided a draft Settlement and Release Agreement to Plaintiff on December 23, 2025, but have not yet received comments, proposed changes, or a signed settlement agreement. ECF No. 68-1 at 1. In Opposition, Plaintiff asserts that he emailed a request that the non-disparagement provision be made mutual on January 15, 2026, but has not received a response or revised agreement. ECF No. 71 at 1. Plaintiff's counsel also advises that he has been unable to reach Mr. Lalin since shortly after the settlement was reached despite numerous emails and phone calls. *Id*. at 1-2.

## II.    APPLICABLE LAW AND ANALYSIS

"Compromises of disputed claims are favored by the courts."[1] For that reason, the Fifth Circuit has repeatedly emphasized that "a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced."[2] When a party authorizes a settlement and then changes her mind when presented with the settlement documents, that party remains bound by the terms of the agreement.[3]

### A.  This Court Retains the Authority to Enforce the Settlement Agreement

A court has inherent power to recognize, encourage, and when necessary, enforce settlement agreements reached by the parties when the court specifically retains jurisdiction to enforce the settlement in the order of dismissal.[4] A party's refusal to execute the formal agreement reciting the settlement terms does not preclude the Court from exercising its discretion to enforce

---

[1] *Mid-South Towing Co. v. Har-Win, Inc*., 733 F.2d 386, 391 (5th Cir. 1984) (quoting *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967)).

[2] *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 530 (5th Cir. 1986) (quoting *Cia Anon*, 374 F.2d at 35).

[3] *Boyd v. Tex. Dep't of Crim. Just*., 780 F. App'x 145, 149 (5th Cir. 2019) (citing *Fulgence v. J. Ray McDermott & Co*., 662 F.2d 1207, 1209 (5th Cir. Dec. 1981) (citations omitted)).

[4] *Vikas, WSP, Ltd. v. Econ. Mud Prods. Co*., 23 F.4th 442, 451-52 (5th Cir. 2022) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 380-81 (1994)); *Mid-South Towing*, 733 F.2d at 389 (citation omitted).

2

the settlement agreement.[5]   The Court's dismissal order in this case specifically retained jurisdiction to enforce the parties' settlement agreement.  ECF No. 67.  Thus, this Court has the authority to enforce the agreement.

Unless the party seeking to withdraw can demonstrate that the agreement is invalid under state law at the time it was made or differs materially from any judgment entered enforcing the agreement, "a federal court may hold them to their word by incorporating the terms of their agreement into a final judgment."[6]   Further, the court may summarily enforce the settlement agreement if no material facts are in dispute.[7]   In this case, there is no dispute as to any of the material facts,[8] which are reflected on the court record of the December 2, 2025, recording of the settlement.

### B.  Louisiana Settlements

In a diversity case, state law governs whether a settlement agreement is a valid contract.[9]   "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished."[10]   Formation of a valid and enforceable contract requires that "(1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there

---

[5] *See, e.g., Daftary v. Metro. Life Ins. Co.*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. Jan. 12, 1998).

[6] *Mercadel v. E-Claim.com, LLC*, No. 22-5222, 2024 WL 2941170, at *2 (E.D. La. June 11, 2024) (Vance, J.) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 268 (5th Cir. 1995)).

[7] *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015) (citing *Mid-South Towing*, 733 F.2d at 390).  When, however, material facts are in dispute or opposition to enforcement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity.  *Wise v. Wilkie*, 955 F.3d 430, 439 (5th Cir. 2020) (quoting *Mid-South Towing*, 733 F.2d at 390). Whether there is a disputed issue of material fact as to the validity of the settlement agreement is similar to the standard the court relies upon in ruling on a motion for summary judgment.  *Deepwater Horizon*, 786 F.3d at 354 (citations omitted); *see also Mid-South. Towing*, 733 F.2d at 391.

[8]  When opposition to enforcement of a settlement is based on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity.  *Wise*, 955 F.3d at 439 (quoting *Mid-South Towing*, 733 F.2d at 390).  Plaintiff does not challenge the validity of the agreement itself in this case, and thus, no evidentiary hearing is necessary.

[9] *Badaiki v. Cameron Int'l Corp.*, No. 21-20628, 2023 WL 8721048, at *5 (5th Cir. Dec. 8, 2023) (citing *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986)); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)) (additional citations omitted).

[10] LA. CIV. CODE art. 1906.

must be a certain object for the contract; and (4) the contract must have a lawful purpose."[11] Consent is "established through offer and acceptance," which may generally "be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent."[12] An enforceable contract requires a meeting of the minds,[13] and the party seeking to enforce the contract bears the burden to establish that the contract exists.[14]

Louisiana Civil Code article 3071 provides that "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."  An enforceable compromise agreement under article 3071 has two essential elements: "(1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences."[15]  As the Louisiana Supreme Court has explained, "to be enforceable . . . , [the] compromise must either be reduced to writing and signed by the parties or their agents, or be recited in open court and be capable of transcription from the record of the proceeding."[16]  Therefore, "[a] compromise agreement recited on the record in open court will be treated as though it is a written contract, conferring upon each party the right of judicial enforcement of performance of the agreement even though the substance may later be written in a more convenient form."[17]

---

[11] *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 202 (5th Cir. 2016) (citation omitted).

[12] LA. CIV. CODE art. 1927.

[13] *Thomas v. Chambers*, No. 18-4373, 2021 WL 5828156, at *4 (E.D. La. Oct. 12, 2021) (quoting *Read v. Willwoods Cmty.*, 165 So. 3d 883, 887 (La. 2015) (citing *State v. Pelas*, 745 So. 2d 1215, 1217 (La. App. 1 Cir. 1999))), *R.&R. adopted*, 2021 WL 5826306 (E.D. La. Dec. 8, 2021). .

[14] *Id.* (quoting *Alfortish v. GreenSky, LLC*, No. 16-15084, 2017 WL 699830 (E.D. La. Feb. 22, 2017) (citing *FIA Card Servs., N.A. v. Weaver*, 62 So. 3d 709, 719 (La. 2011) (citing LA. CIV. CODE art. 1831; *Kosmala v. Paul*, 569 So. 2d 158, 162 (La. App. 1 Cir. 1990) ("The party seeking to enforce arbitration provisions has the burden of showing the existence of a valid contract to arbitrate"))).

[15] *Trahan v. Coca Cola Bottling Co. United, Inc.*, 894 So. 2d 1096, 1104 (La. 2005).

[16] *Id.*

[17] *Morris, Lee & Bayle, LLC v. Macquet*, 192 So. 3d 198, 209 (La. App. 4 Cir. 2016) (citing *Trahan*, 894 So. 2d at 1104).

C. **Analysis**

The material settlement terms were read into the record on December 2, 2025, with a Spanish-speaking interpreter for Plaintiff. ECF No. 66. The parties, both through counsel and personally, confirmed their knowing and voluntary agreement to the material terms of settlement recited on the court record, which recording is capable of being transcribed. The court recording confirms that, while the parties agreed to execute a written settlement agreement to reflect the settlement terms, all parties recognized and agreed that they were entering into a binding settlement that was being recited into the court record, and all parties expressed their intent to end the litigation. Thus, the parties have entered into a valid and enforceable settlement agreement under Louisiana law.[18]

Defendants requested that Plaintiff execute a release document reflecting the settlement terms that were recited into the court record. To date, Plaintiff has failed to execute this document. Plaintiff has not come forth to repudiate the settlement agreement or provide any justification for a failure to comply with the terms of the agreement.

A party's failure or refusal to sign the formal release document does not void the original agreement or render it deficient from the outset unless the parties explicitly provide that a valid contract will not be formed until the parties execute a formal, finalized agreement.[19] The court recording reflects the exact opposite, with the parties acknowledging the settlement was immediately binding even if later reflected in a subsequently executed document.

---

[18] *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987) ("[W]here jurisdiction is based upon diversity of citizenship, we will apply the substantive law of [the state] to determine whether the settlement agreement allegedly entered into between [the parties] is enforceable."); *see also Sundown Energy L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014) (stating more broadly that "the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally" (quoting *E. Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir. 1988))).

[19] *In re Deepwater Horizon*, 786 F.3d at 355.

## III.    CONCLUSION

The parties entered into a binding settlement that was recited into the court record, and that recording is capable of transcription.  Accordingly, the Court should grant Defendants' motion to enforce the settlement agreement and order Plaintiff to execute same within fourteen (14) days.  Should Plaintiff fail to do so, the Court should then enter Judgment enforcing and reflecting the terms of settlement.[20]

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that the Motion to Enforce Settlement Agreement be GRANTED and that Plaintiff be ordered to execute same within 14 days.  Should Plaintiff fail to do so, it is RECOMMENDED that the Court enter Judgment reflecting the terms of the settlement.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[21]

New Orleans, Louisiana, this __18th__ day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[20] *See, e.g., A & A Wrecker Serv. Inc. v. City of Galveston*, 145 F.3d 360, 1998 WL 307727 (5th Cir. 1998); *Camp Dresser & McKee, Inc. v. Benetech, LLC*, No. 10-2864, 2013 WL 5428615, at *1 (E.D. La. Sept. 26, 2013).
[21] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).